**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **DANA FRANCE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:25-cv-92–WLS** |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 8). Plaintiff asks the Court to Order the above-styled action, in its entirety, remanded to the State Court of Lowndes County, Georgia, wherein the action was originally filed on the grounds that the Court lacks diversity subject matter jurisdiction. Also before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7) ("Motion to Dismiss"). The Court addresses each motion in turn below.

## I.    MOTION TO REMAND

Plaintiff asserts that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332 for federal court diversity jurisdiction. Defendant filed a Response (Doc. 17) in which it asserts that it believes the amount in controversy exceeds $75,000. However, Plaintiff states in her Motion to Remand that she limits her total damages to $75,000 or less. (Doc. 8 at 2, 3). Further, she provided an affidavit in which she unequivocally states: "I hereby affirm and stipulate that I do not seek, and will not accept, a total recovery in this action, including compensatory damages, statutory penalties, attorneys' fees, interest, and costs, in excess of $75,000.00." (Doc. 8-1).

Plaintiff moves the Court to remand her claims to the State Court of Lowndes County, Georgia, contending that the Court lacks jurisdiction to hear the claims. Federal courts are courts of limited jurisdiction. District courts may hear cases only in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d

1255, 1260–61 (11th Cir. 2000). Generally, a defendant may remove a civil action in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1447(c), however, the Court must remand any action in which the Court lacks subject matter jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court, "because removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)).

Congress has granted federal district courts jurisdiction to hear cases between citizens of different States which involve an amount in controversy exceeding $75,000, excluding costs. 28 U.S.C. § 1332. "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Because Plaintiff stipulates and affirms by affidavit that damages do not exceed $75,000, the allegations and briefing make it clear to a legal certainty that the claim is really for less than the jurisdictional amount. Other than a bare assertion and calculations based on speculation, Defendant neither presents nor points to evidence to the contrary. Significantly, Defendant's calculations include, without explanation of its source, a breach of contract claim of $34,738.71. However, as she points out, Plaintiff's pre-suit demand letter includes estimated damages of $21,211.80. (Docs. 8-2 & 1-2). Defendant's addition of bad faith penalty and attorney fees as a percentage of the speculated $34,738.71 is disingenuous and the speculated addition of $10,000 in litigation expenses simply reflect its efforts to create diversity jurisdiction where none exists. Finally, Defendant does not challenge or question Plaintiff's stipulation to the limitation of the amount in controversy.

Accordingly, for the reasons explained above, Plaintiff's Motion (Doc. 8) is **GRANTED**. The above-styled action is **REMANDED** in its entirety to the State Court of Lowndes County, Georgia.

## II.   MOTION TO DISMISS

The Court further finds that, in view of the above ruling, it need not consider the Defendant's Motion to Dismiss (Doc. 7). Accordingly, the Motion to Dismiss (Doc. 7) is remanded for consideration by the receiving court.

**SO ORDERED**, this 14th day of January 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**